IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LINDA LIND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4312-CV-V-NKL |
| | ) |
| MISSOURI EMPLOYERS MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

Pending before the Court is Plaintiff Linda Lind's ("Lind") Motion to Alter or Amend Judgment under Rule 59(e) [Doc. # 58]. Lind contends that the Court applied the wrong legal standard in its *McDonnell Douglas* burden shifting analysis by requiring Lind to show "pretext plus." She also claims the Court made incorrect "findings of fact" upon which it granted summary judgment to Defendant Missouri Employers Mutual Insurance Company ("MEM"). For the reasons set forth below, Lind's Motion is denied.

**I.  Applicable Legal Standard**

An ADEA plaintiff may show discrimination by either direct or indirect methods of proof. *Beshears v. Asbill*, 930 F.2d 1348, 1353 (8th Cir. 1991). If the plaintiff cannot show direct evidence, the Court must apply the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-04 (1973). *Kneibert v. Thomson*

1

*Newspapers*, 129 F.3d 444, 451 (8th Cir. 1997). In this case, Lind claimed to have proof of discrimination by direct evidence,[1] but the Court rejected her argument and applied the *McDonnell Douglas* test instead. Under that test, a plaintiff must first make out a prima facie case for age discrimination. When the case involves a reduction-in-force rather than a replacement of an older employee with a younger employee, a plaintiff may make a prima facie case of age discrimination by establishing: "(1) she is within the protected age group; (2) she met the applicable job qualifications; (3) she suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's action." *Stidham v. 3M*, 399 F.3d 935, 938 (8th Cir. 2005).

Only the fourth factor was substantially in dispute and, viewing all facts in a light most sympathetic to Lind as the non-moving party, the Court concluded that Lind had made out her prima facie case. Ambiguous statements by MEM's CEO that an employee's age was a factor in reduction-in-force decisions, while insufficient to establish direct evidence of discrimination in this case, was nonetheless "some additional evidence that age was a factor in the employer's action." June 4, 2007 Summary Judgment Order [Doc. # 56] at 10. Shifting the burden of production to MEM to show a legitimate non-descriminatory reason for not retaining Lind, the Court concluded that MEM had met its burden by showing that Lind received the lowest score of the three

---

[1] MEM's CEO Dennis Smith testified in deposition that an employee's "length of service, their age and their skills and their skills assessment of their performance" were considered in MEM's reduction-in-force decisions; however, the Court concluded that Lind had produced "no evidence linking his statement to the specific decision [to retain younger workers instead of her], let alone that such a policy was the 'motivating factor' in that decision." June 4, 2007 Summary Judgment Order [Doc. # 56] at 8.

applicants during the evaluation period. *Id.* at 11. Thus, the burden shifted back to Lind to offer some evidence that would allow a rational fact-finder to find that MEM's proffered reason for not selecting Lind was mere pretext for age discrimination. *Yates v. Rexton, Inc.*, 267 F.3d 793, 800 (8th Cir. 2001) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993)).

Lind argues in her Rule 59(e) Motion that the Court applied the incorrect legal standard of "pretext plus" because it had already ruled that CEO Smith's statement–that age was a factor in reduction-in-force decisions–was "some additional evidence" sufficient to make out a prima facie case. Consequently, Lind argues that Smith's statement was also sufficient proof of pretext and that, by granting summary judgment to MEM notwithstanding Smith's statment, the Court inappropriately applied a "pretext plus" analysis. *See Turner v. Honeywell Fed. Mfg. & Techs., L.L.C.*, 336 F.3d 716, 723 (8th Cir. 2003) (in which the appellant argued that the district court applied the "defunct pretext-plus analysis" by failing "to consider the evidence used at the prima facie stage to analyze whether [the Defendant's] reasons for failing to promote . . . were pretextual"). Lind also correctly cites *Reeves v. Sanderson Plumbing Products* for the proposition that "[i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." 530 U.S. 133, 147 (2000). In *Reeves*, the Supreme Court held that "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted

3

justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148. However, the *Reeves* Court went on to explain that

> This is not to say that such a showing by the plaintiff will always be adequate to sustain a jury's finding of liability. Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.

*Id.*

In the present case, Lind has not "set forth sufficient evidence to reject the defendant's explanation," so *Reeves* is of little help. At best, Lind has "created only a weak issue of fact as to whether the employer's reason was untrue" by pointing to a single, ambiguous statement by MEM's CEO, a statement which she cannot link causally to the actual reduction-in-force decision at issue. Moreover, "there [i]s abundant and uncontroverted independent evidence that no [age] discrimination had occurred." Lind had no objection that one the other two applicants was chosen over her because she trained that applicant herself and admitted that she was eminently qualified for the job. The only evidence Lind presented as to the other applicant suggested that her supervisor was friends with the other woman and unfairly biased the evaluation in her favor by ordering Lind to do nothing but pay bills during the evaluation period. As the Court noted in its Summary Judgment Order, such behavior is unprofessional, but it does not violate the ADEA. Order at 13. Federal courts do not "sit as super-personnel

4

departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgment involve intentional discrimination" of protected classes. *Xuelin Zhuang v. Datacard Corp.*, 414 F.3d 849, 855 (8th Cir. 2005).

The Court did not require Lind to demonstrate "pretext-plus" in order to survive summary judgment. Evidence of pretext would have been sufficient. Because Lind failed to meet that burden, MEM was entitled to judgment as a matter of law.

## II.     "Findings of Fact"

Lind next challenges the Court's "findings of fact," a phrase which would normally apply to cases tried before the bench. When a case is resolved at summary judgment, there are no findings of fact *per se.* Rather, the Court determines only what facts a reasonable juror might find. To the extend that Lind is seeking reconsideration of that analysis, the Court has reviewed the specific objections in Lind's motion and concludes that its prior rulings were correct in view of the evidence before the Court. Lind admitted in deposition that she believed Shawn Edwards was chosen as a supervisor because she had a personal friendship with Kacy Howell, and that Julie Hague was chosen because she had worked with Ms. Howell previously. Lind admitted that Edwards was a good choice for one of the positions and that Lind was never in a position to evaluate Hague's performance. Lind admitted that she failed to cross train others on bill pay and she did not receive training herself on other functions. She admitted that she did not feel the need to work overtime on the weekends, and was not competing with Edwards and Hague on who could work the hardest. Lind admitted that she did not hold

herself out as a leader in the department and did not attend the team building exercise that the entire department was encouraged to attend because she had a prior engagement. Finally, Lind admitted that she had no evidence that the instructions given to her during the evaluation period, which she believes negatively affected her score, were motivated by a desire to force her out due to her age.  At best, her employer liked the other two applicants more.  Thus even assuming that the reduction in force decisions were based on improper factors other than merit, there is no evidence that would allow a reasonable juror to conclude such improper factors included Lind's age.  The Court again concludes that there were no genuine disputes of material fact precluding summary judgment.

### III.     Conclusion

Accordingly, it is hereby

ORDERED that Lind's Rule 59(e) Motion is DENIED

  s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   August 3, 2007
Jefferson City, Missouri